

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | |
|---|---|
| NATIONWIDE MUTUAL FIRE §<br>INSURANCE COMPANY, §<br>    Plaintiff, §<br>§<br>vs. §<br>§<br>CALMCER WRIGHT and TERRY WRIGHT, §<br>    Defendants. § | Civil Action No. 3:22-01521-MGL |

**MEMORANDUM OPINION AND ORDER**
**GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

## I.  INTRODUCTION

Plaintiff Nationwide Mutual Fire Insurance Company (Nationwide) brought this declaratory judgment action against Defendants Calmcer Wright (Calmcer) and Terry Wright (collectively, the Wrights). The Court has jurisdiction under 28 U.S.C. § 1332.

In its complaint, Nationwide purports to bring two declaratory judgment causes of action. But, although styled as separate claims, Nationwide essentially brings a single declaratory judgment cause of action and asserts two different bases for relief, each of which is independently sufficient to provide Nationwide the relief it seeks.

Pending before the Court is Nationwide's motion for summary judgment. Having carefully considered the motion, the response, the reply, the record, and the applicable law, it is the judgment of the Court the motion will be granted.

**II.    FACTUAL AND PROCEDURAL HISTORY**

This case arises out of the Wrights' homeowner insurance policy issued by Nationwide (the Policy).

Nationwide originally issued the Policy to the Wrights in 1999. The Wrights have renewed the Policy every year since that time. The Policy lists 125 Minolta Drive, West Columbia, South Carolina 29172-2735 (Minolta Residence) as the residence premises.

As relevant here, the Policy defined the "Insured location" as

a. The "residence premises";
b. The part of other premises, other structures and grounds used by [the Wrights] as a residence; and
   (1) Which is shown in the Declarations; or
   (2) Which is acquired by [the Wrights] during the policy period for [the Wrights'] use as a residence;
c. Any premises use by [the Wrights] in connection with a premises described in a. and b. above;

Policy at 5–6. In turn, it defined "residence premises" as

a. The one-family dwelling where [the Wrights] reside;
b. The two-, three- or four-family dwelling where [the Wrights] reside in at least one of the family units; or
c. That part of any other building where [the Wrights] reside;
on the inception date of the policy period shown in the Declarations and which is shown as the "residence premises" in the Declarations.

"Residence Premises" also includes other structures and grounds at that location.

*Id.* at 7. The Policy covered "[t]he dwelling on the 'residence premises' shown in the Declarations, including structures attached to the dwelling[.]" *Id.*

Finally, the Policy notes as a condition that Nationwide "insure[s] the dwelling, as described in the Declarations of this policy, only as the 'residence premises', while occupied by the 'insured' as the owner, for dwelling purposes and not otherwise." *Id.* at 28 (2018 Condition). The parties stipulated Nationwide added this condition in 2018.

In an affidavit attached to the stipulation, a Nationwide representative, John Loftus (Loftus) stated Nationwide sent the Wrights a notice of changes letter, which failed to specifically note the 2018 Condition in the description of changes section. Loftus explained this was because the 2018 Condition "did not affect a change to the available coverage, coverage limits, or deductibles. It merely clarified the coverages available under the definition of 'insured premises' that had always been in all homeowners policies written by Nationwide." Loftus Affidavit ¶ 8 (internal quotation marks omitted) (alteration omitted).

Further, Loftus explains the notice of changes letter also advised the Wrights that the letter failed to list all the changes in the Policy and implored the Wrights to reread the current policy to see all the changes.

In 2004, the Wrights stopped living at the Minolta Residence, and have leased it to tenants since that time. The Wrights failed to inform Nationwide of this change in use.

On March 19, 2022, the Minolta Residence suffered a fire loss (the Loss), for which the Wrights submitted a claim to Nationwide.

After Nationwide filed its motion, the Wrights filed a response. Nationwide replied. Subsequently, the parties filed a stipulation regarding changes to the Policy in 2018. The Court, having been fully briefed on the relevant issues, is prepared to adjudicate the motion.

### III.   STANDARD OF REVIEW

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In deciding whether a genuine issue of material fact exists, the evidence of the non-

moving party is to be believed and all justifiable inferences must be drawn in her favor.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

The moving party has the burden of proving summary judgment is appropriate.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing there is a genuine issue for trial.  *Id.* at 323; *see also* Fed. R. Civ. P. 56.

A party asserting that a fact is genuinely disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]"  Rule 56(c)(1)(A).  A litigant "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another."  *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985).  Therefore, "[m]ere unsupported speculation . . . is not enough to defeat a summary judgment motion."  *Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc.*, 53 F.3d 55, 62 (4th Cir. 1995).

"[W]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate."  *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1991).  "Summary judgment is proper only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts."  *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987).  The Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Anderson*, 477 U.S. at 251–52.

IV.   **DISCUSSION AND ANALYSIS**

Nationwide's argues the Policy fails to provide coverage for the Loss because the Wrights are unable to show they resided at the Minolta Residence at the time of the fire. The Wrights contend they lacked notice of this condition and they informed Nationwide of their change in residence.

"Insurers have the right to limit their liability provided they do not contravene a statutory provision or public policy." *Burns v. State Farm Mut. Auto. Ins. Co.*, 377 S.E.2d 569, 570 (S.C. 1989). "When a contract is unambiguous, clear, and explicit, it must be construed according to the terms the parties have used." *B.L.G. Enters., Inc. v. First Fin. Ins. Co.*, 514 S.E.2d 327, 330 (S.C. 1999).

As relevant here, the Policy insured the Minolta Residence only to the extent it was used as a "residence premises[,]" by the Wrights, which, as noted above, is defined as "[t]he one-family dwelling where [the Wrights] reside[, t]he two-, three- or four family dwelling where [the Wrights] reside in at least one of the family units[, or t]hat part of any other building where [the Wrights] reside[.]" Policy at 7.

Because the Wrights had moved out of the Minolta Residence in 2004 and began to lease it, it was unqualified as residence premises since that time. Thus, the Policy provided no coverage.

In other words, the Wrights fail to meet the condition that the residence premises be "occupied by the 'insured' as the owner, for dwelling purposes and not otherwise." *Id.* at 28.

The Wrights' arguments that the Court should disregard the plain language of the Policy are unpersuasive.

First, they contend there is evidence Nationwide amended the original policy, issued in 1999, to contain the "residence premises" requirement, and failed to draw their attention to the

5

change.  But, they mischaracterize Calmcer's deposition testimony.  Calmcer stated she "ha[d] not looked" at the 2021 policy renewal because it was "not the policy that [she] was entered into contracting in 19[9]9.  [She] was aware of that policy, but I have not read this policy that was issued on December 28, 2021[,]" Calmcer Deposition at 23:19, 27:16–19.

Thus, rather than asserting the Policy had changed between 1999 and 2021, Calmcer instead attested she had failed to read, and thus was unable to speak to, the provisions of the renewals.  Although Nationwide added the 2018 Condition after 1999, the Wrights failed to contend the requirement that they lived at the Minolta Residence was nonexistent in the original policy.

Thus, as the Loftus Affidavit attests, while the 2018 Condition expounds upon the requirement that the Wrights live at the Minolta Residence, the requirement has applied since 1999.  In other words, the 2018 Condition failed to substantively change the Policy, only clarify its terms.

Because the requirement has applied since the inception of the Policy, the need not discuss whether there is evidence the Wrights received notice of any changes to the Policy, including the 2018 Condition.

Second, the Wright's insist they provided Nationwide with notice of the fact that they had moved out of the Minolta Residence.  They point to the fact—without attaching any supporting evidence—that they told a Nationwide agent of their new address when they sought a car insurance quote in 2017.  The Wrights fail to point to any evidence they explicitly discussed they had moved out of the Minolta Residence.

Thus, this argument also fails.  The Wright's have neglected to present any evidence showing a genuine issue of material fact.  Therefore, Nationwide is entitled to summary judgment

6

that the Policy fails to provide coverage for the loss because the Wrights no longer resided at the Minolta Residence.

Because this holding affords Nationwide all the relief it seeks, the Court need not consider its other arguments. It will instead issue a declaratory judgment that the Policy fails to cover the loss. *See Karsten v. Kaiser Found. Health Plan of Mid-Atlantic States, Inc.*, 36 F.3d 8, 11 (4th Cir. 1994) ("If the first reason given is independently sufficient, then all those that follow are surplusage; thus, the strength of the first makes all the rest dicta.").

## V.     CONCLUSION

For the reasons stated above, it is the judgment of the Court Nationwide's motion for summary is **GRANTED**.

 **IT IS SO ORDERED.**

Signed this 2nd day of February 2024, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE
