

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, Plaintiff, | § § § § | |
| vs. | § § | Civil Action No. 3:22-1521-MGL |
| CALMCER WRIGHT and TERRY WRIGHT, Defendants. | § § § | |

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANTS' AMENDED MOTION
TO ALTER OR AMEND JUDGMENT**

## I.   INTRODUCTION

Plaintiff Nationwide Mutual Fire Insurance Company (Nationwide) brought this declaratory judgment action as the result of a coverage dispute with Defendants Calmcer Wright (Calmcer) and Terry Wright (collectively, the Wrights). The Court has jurisdiction over the matter as per 28 U.S.C. § 1332.

Pending before the Court is the Wrights' amended motion to alter or amend the judgment. Having carefully considered the motion, the response, the reply, the supplements, the record, and the applicable law, it is the judgment of the Court the motion will be denied.

## II.  FACTUAL AND PROCEDURAL HISTORY

In 1999, Nationwide issued a homeowner's insurance policy (the Policy) to the Wrights. They have renewed the Policy annually ever since.

The Policy lists 125 Minolta Drive, West Columbia, South Carolina 29172-2735 (Minolta Residence) as the residence premises.

As is relevant here, the Policy defines "Insured location" to mean

a. The "residence premises";
b. The part of other premises, other structures and grounds used by [the Wrights] as a residence; and
    (1) Which is shown in the Declarations; or
    (2) Which is acquired by [the Wrights] during the policy period for [the Wrights'] use as a residence;
c. Any premises use by [the Wrights] in connection with a premises described in a. and b. above[.]

Policy at 5–6.  In turn, the Policy defines "Residence premises" as

a. The one-family dwelling where [the Wrights] reside;
b. The two-, three- or four-family dwelling where [the Wrights] reside in at least one of the family units; or
c. That part of any other building where [the Wrights] reside;

on the inception date of the policy period shown in the Declarations and which is shown as the "residence premises" in the Declarations.

"Residence premises" also includes other structures and grounds at that location.

*Id.* at 7.

The Policy covers "[t]he dwelling on the 'residence premises' shown in the Declarations, including structures attached to the dwelling[.]"  *Id.*  Moreover, the Policy notes as a clarification that Nationwide "insure[s] the dwelling, as described in the Declarations of this policy, only as the 'residence premises', while occupied by the 'insured' as the owner, for dwelling purposes and not otherwise."  *Id.* at 28 (the 2018 Clarification).  The parties stipulated Nationwide added this clarification in 2018.

In an affidavit attached to the stipulation, Nationwide representative John Loftus (Loftus) stated Nationwide sent the Wrights a notice of changes letter, which failed to specifically note the 2018 Clarification in the description of changes section "because [the clarification] did not affect

2

a change to the available coverage, coverage limits, or deductibles. It merely clarified the coverages available under the definition of insured premises that had always been in all homeowner[']s policies written by Nationwide." Loftus Affidavit ¶ 8 (internal quotation marks omitted) (alterations omitted). The Letter did, however, advise the Wrights it neglected to list all changes in the Policy and implore them to personally review the Policy.

In 2004, the Wrights ceased living at the Minolta Residence and began leasing the home to tenants. They failed to inform Nationwide of this change in use.

In 2022, the Minolta Residence suffered a fire loss, for which the Wrights submitted a claim to Nationwide. Nationwide then filed this declaratory judgment action. The Court granted Nationwide's motion for summary judgment on February 2, 2024.

On March 1, 2024, the Wrights filed their original motion to alter or amend the judgment, raising only one argument. Subsequently, having identified certain filing deficiencies, the Clerk of Court directed the Wrights to refile a corrected motion addressing only those deficiencies. On March 5, 2024, the Wrights refiled the motion, substantially revising the singular argument raised in the original motion and adding an entirely new argument. Then, on March 7, 2024, the Wrights filed an amended motion to alter or amend the judgment. Nationwide responded, and the Wrights replied.

The Court, having been fully briefed on the relevant issues, will now adjudicate the motion.

### III.   STANDARD OF REVIEW

####    A.   *Motion to Alter or Amend Under Rule 59(e)*

Under Rule 59(e), the Court may alter or amend a judgment "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993).

A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008). "[M]ere disagreement [with a district court's ruling] does not support a Rule 59(e) motion." *Hutchinson*, 994 F.2d at 1082. Indeed, "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998).

####    B.   *Motion for Relief from Judgment Under Rule 60(b)*

Rule 60(b) allows the Court to grant relief from judgment because of mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence; fraud; a void, satisfied, released, or discharged judgment; or for any other reason that justifies relief. Fed. R. Civ. P. 60(b). "A motion under Rule 60(b) must be made within a reasonable time[,]" and, under certain circumstances, "no more than a year after the entry or the judgment . . . ." *Id.* at 60(c)(1).

To obtain relief under Rule 60(b), "a party must demonstrate (1) timeliness, (2) a meritorious defense, (3) a lack of unfair prejudice to the opposing party, and (4) exceptional circumstances." *Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC*, 859 F.3d 295, 299 (4th Cir. 2017). "After a party has crossed this initial threshold, he [or she] then must satisfy one of

the six specific sections of Rule 60(b)." *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (citing *Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir. 1984)).

IV.     **DISCUSSION AND ANALYSIS**

   A.     *Whether the Court should alter or amend the judgment under Rule 59(e)*

When directed to refile the original motion to address certain filing deficiencies, the Wrights substantively refined their prior argument and presented an entirely new argument. This was in direct contravention of the Clerk of Court's unambiguous instructions and is thus wholly improper.

Perhaps most troubling is the Wrights' inexplicable failure to explain the discrepancies between their original and refiled motions despite being repeatedly ordered to do so. In filing their responses to the Court's orders, the Wrights addressed only those changes made between the refiled and amended motions. This is just one of many instances in which counsel for the Wrights has ignored the Court's clear directives.

Rule 59(e) appears to prohibit amendment of a motion to alter or amend beyond the twenty-eight-day time limit. *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."); Fed. R. Civ. P. 6(b) ("A court must not extend the time to act under Rule[] 59([e]) . . . ."). Accordingly, the Court will consider the argument the Wrights raised in the original motion under Rule 59(e) and the argument they added in the refiled motion, as amended, under Rule 60(b). *See Hawkins v. Evans*, 64 F.3d 543, 546 (10th Cir. 1995) (explaining a post-judgment motion filed after the period specified in Rule 59(e) is construed as a Rule 60(b) motion).

In their original motion, the Wrights argue the Court erred in considering and relying upon Loftus's affidavit and the Letter because they constitute newly acquired evidence to which the Wrights lacked an opportunity to respond or evaluate. The Wrights maintain the Court should have rejected the affidavit because Loftus failed to attest he had personal knowledge of the Wrights receiving the Letter, the Letter neglects to list the Wrights' contact information or confirm they received notice, and the Letter lacks any date indicating when it was sent.

Conversely, Nationwide avers the Wrights waived any objections to the affidavit and Letter by failing to file a motion to strike the evidence, a motion to hold Nationwide's summary judgment motion in abeyance to reopen discovery, or a motion requesting the Court's permission to file a sur-reply. Although Nationwide insists the affidavit is based upon Loftus's personal knowledge, it nonetheless propounds evidentiary defects are an unviable basis for relief under Rule 59(e). Moreover, Nationwide maintains whether the Wrights received notice of the 2018 Clarification is irrelevant to the Court's ruling because the Policy has contained a residency requirement since 1999. The Court agrees with Nationwide.

As mentioned briefly above, the parties filed a stipulation of facts on January 11, 2024. Attached to the filing was Loftus's affidavit and the Letter. Even assuming the affidavit and Letter were filed without the Wrights' consent, their failure to respond or otherwise object to the evidence prior to entry of judgment on February 2, 2024, renders Rule 59(e) relief improper. After all, "Rule 59(e) motions may not be used . . . to raise arguments which could have been raised prior to the issuance of the judgment." *See Pac. Ins. Co.*, 148 F.3d at 403.

In any event, as the Court explained in its order granting summary judgment, and as argued here by Nationwide, the Policy has contained a residency requirement since 1999. Accordingly, whether the Wrights received notice of the 2018 Clarification and the date upon

which the Letter was sent are both irrelevant to the Court's holding "the Policy fails to provide coverage for the loss because the Wrights no longer resided at the Minolta Residence." Order at 6–7.

Because the Wrights are unable to demonstrate an intervening change in law, newly discovered evidence, or a clear error of law or manifest injustice, the Court will decline to alter or amend the judgment.

### B.     *Whether the Court should grant relief from judgment under Rule 60(b)*

As noted above, the threshold requirements of Rule 60(b) obligate a party to demonstrate "(1) timeliness, (2) a meritorious defense, (3) a lack of unfair prejudice to the opposing party, and (4) exceptional circumstances." *Wells Fargo Bank*, 859 F.3d at 299. The Court will consider each element in turn.

#### 1.     *Whether the motion is timely*

The Wrights filed their amended motion thirty-four days after the Court granted summary judgment. The Court determines this is a reasonable amount of time, rendering the motion timely under Rule 60(b).

#### 2.     *Whether the Wrights have a meritorious claim*

The Wrights argue the Court misapprehended Calmcer's testimony about whether she reviewed the most recent policy renewal. The Court previously quoted Calmcer's testimony "she 'ha[d] not looked' at the . . . policy renewal because it was 'not the policy that [she] was entered into contracting in 19[9]9. [She] was aware of that policy, but [she had] not read this policy that was issued on December 28, 2021.'" Order at 6 (quoting Calmcer Deposition at 23:19, 27:16–19). The Wrights, however, maintain the Court also should have considered Calmcer's testimony she never received the renewal and, therefore, lacked an opportunity to review it.

7

Nationwide, applying the more stringent Rule 59(e) standard, argues the Court's purported mischaracterization of Calmcer's deposition testimony fails to constitute an intervening change in controlling law, newly discovered evidence, or a clear error of law or manifest injustice. *See Hutchinson*, 994 F.2d at 1081 (explaining the Court may alter or amend a judgment only "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice"). Nationwide emphasizes "[e]ven if the mortgage company never forwarded [the] policy documents to [Calmcer], Calmcer . . . testified that she could have accessed that information [online] at any time had she wanted to." Nationwide's Response at 7.

Again, the Policy has contained a residency requirement since 1999. Whether Calmcer had an opportunity to review the most recent renewal is therefore irrelevant to the Court's determination the Wrights lack coverage for the loss. Accordingly, the Wrights have failed to set forth a meritorious claim.

### 3. *Whether Nationwide would suffer unfair prejudice if the Court set aside the judgment*

Because Nationwide has expended valuable time and resources in litigating this matter for more than two years, it would indeed suffer unfair prejudice if the Court set aside the judgment.

### 4. *Whether the Wrights have shown exceptional circumstances*

For the reasons stated above, the Wrights have failed to show exceptional circumstances to justify setting aside the judgment.

*****

Thus, the Wrights have failed to identify a sufficient basis to justify relief from judgment under Rule 60(b). Even assuming the Court had jurisdiction to consider the new argument raised in the Wrights' refiled motion, as amended, the result would nevertheless be the same.

## V.     CONCLUSION

Wherefore, based on the foregoing discussion and analysis, and in the interest of finality, it is the judgment of the Court the Wrights' amended motion to alter or amend the judgment is **DENIED**.

**IT IS SO ORDERED.**

Signed this 30th day of January 2025, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE
